UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ALEXSAM, INC. ('608 & '787) PATENT AND
CONTRACT LITIGATION                                                                 MDL No. 2935

ORDER DENYING TRANSFER

**Before the Panel**:[*] Common plaintiff and patentholder Alexsam, Inc., moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Texas. The litigation consists of five actions pending in the Northern District of California, the District of Connecticut, the Eastern District of New York, the Eastern District of Texas, and the District of Utah, as listed on the attached Schedule A.[1] Responding defendants Mastercard International Incorporated, Aetna Inc., HealthEquity, Inc. WageWorks, Inc., and Simon Property Group, L.P., oppose centralization.

After considering the parties' arguments,[2] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions possess a degree of factual commonality: all are related in some manner to one or both of two expired Alexsam patents, U.S. Patent Nos. 6,000,608 and 7,189,787. Both patents are directed to a multifunction card system capable of serving various types of prepaid cards, such as phone cards, gift cards, medical cards, and loyalty cards. There are, however, significant differences among the actions as well. In each action, Alexsam sues a single unique defendant (*e.g.*, Aetna is the sole defendant in the Connecticut action, and Simon Property Group is the sole defendant in the Texas action). The defendants make different "accused products," and the same patent claims are not at issue in all actions. For example, in the California, Connecticut, and Utah actions, Alexsam alleges that certain medical card products of WageWorks, Aetna, and HealthEquity, respectively, infringe claims 32 and 33 of the '608 patent. In the Texas action, however, Alexsam alleges that different products – defendant Simon's gift cards – infringe different claims of the '608 patent (specifically, claims 34, 36, 37, 39, 44, 45, 60, 62, 63, 65, and 66). The '787 patent is at issue only in the New York action.

---

[*] Judge Karen K. Caldwell took no part in the decision of this matter.

[1] The Panel has been informed of two related actions, both pending in the Eastern District of Texas.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of March 26, 2020, pursuant to Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument in All Dockets, MDL No. 2935 (J.P.M.L. Mar. 12, 2020), ECF No. 34.

-2-

Beyond these differences, the purportedly common issues cited by Alexsam do not, in fact, appear to be shared by all actions. Alexsam asserts that all actions involve "essentially identical issues" concerning a May 2005 agreement in which Alexsam granted MasterCard a license under the '608 and '787 patents. *See* Alexsam Mem. in Supp. of §1407 Mot. to Transfer at 10 (ECF No. 1-1). Alexsam describes these issues as including matters with respect to the agreement's scope and whether Mastercard is responsible for certain "Licensed Transactions," as that term is defined in the agreement.[3] *Id*. Alexsam further asserts that "perhaps the most important discovery issue" common to the actions is "related to MasterCard's [*sic*] Agreement and who and what are covered by its terms." *Id.* at 13. In the Texas action, however, Simon, the defendant, has not raised a license defense. According to Simon, the Alexsam-Mastercard agreement cannot truly be an issue in its case because Simon did not have a gift card program with Mastercard until after August 2018, and the '608 patent – which is the only patent at issue in *Simon* – expired on July 10, 2017.[4]

Even if the agreement with Mastercard does present some factual issues common to all actions, Alexsam's contention that it requires significant new discovery related to the nearly fifteen-year-old agreement appears questionable. At the inception of the New York action, in which Alexsam sues Mastercard for breach of the agreement, the then-presiding judge authorized the parties to engage in over eight months of discovery, including depositions, concerning matters relating to the interpretation of the agreement.[5]

The lengthy litigation history of the two patents further undermines the case for

---

[3] To the extent that Alexsam is attempting to use Section 1407 to obtain a single interpretation of the License Agreement, its objective is in tension with Panel precedent. *See In re CleanNet Franchise Agreement Contract Litig.*, 38 F. Supp. 3d 1382, 1383 (J.P.M.L. 2014) ("CleanNet's primary motivation for centralization of these actions is to obtain a uniform determination of the applicability of the arbitration provisions in the various franchise agreements. Seeking a uniform legal determination, though, generally is not a sufficient basis for centralization."); *see also In re Aegon USA, Inc., Supplemental Cancer Ins. Litig.*, 571 F. Supp. 2d 1369, 1370 (J.P.M.L. 2008) (denying centralization of seven actions, finding that the key issue – the proper interpretation of the term "actual charges" in certain insurance policies – was "legal rather than factual").

[4] Likewise, Alexsam's complaint in the Utah action against HealthEquity "specifically disclaims from the 'Accused Products' any MasterCard branded HealthEquity FSA, HSA, or HRA Cards and any HealthEquity Cards that operate on the MasterCard network." *HealthEquity* Compl. ¶ 51 n.1. We note that in its reply, Alexsam states that since the filing of its Section 1407 motion, it has discovered that Health Equity has a Mastercard product that infringes the '608 patent, and that it intends to amend the complaint accordingly.

[5] According to Mastercard, the depositions included that of Robert Dorf, who invented the patents and who signed the agreement in his capacity as Alexsam's president, as well as a Rule 30(b)(6) deposition of Mastercard.

-3-

centralization. According to Alexsam, it previously has litigated twenty cases involving these patents, and obtained eight claim construction rulings. It seems all but certain that during the course of those earlier cases, Alexsam produced the entire universe of documents in its possession relating to the two patents. Doing so again in the presently pending actions is unlikely to pose a significant burden. The depositions of the patents' common inventor, as well as other Alexsam witnesses, can be coordinated. And the eight claim construction rulings are available to the parties and the presiding judges regardless of centralization.[6]

At bottom, Alexsam's Section 1407 motion appears to be largely predicated on its dissatisfaction with certain of the magistrate judge's rulings in the New York action, as well as, relatedly, the action's progress. Such dissatisfaction, however, is not a factor in the Section 1407 analysis. *See In re Capital Underwriters, Inc., Sec. Litig.*, 464 F. Supp. 955, 959 n.4 (J.P.M.L. 1979) ("The Panel has neither the power nor the inclination to dictate in any way the manner in which transferor or transferee judges supervise actions pending before them.").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Ellen Segal Huvelle
Acting Chair

R. David Proctor           Catherine D. Perry
Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton

---

[6] We note that in the New York action, the parties stipulated to the construction of over a dozen claim terms, and thus the magistrate judge's claim construction report and recommendation construed only three disputed terms.

IN RE: ALEXSAM, INC. ('608 & '787) PATENT AND
CONTRACT LITIGATION                                             MDL No. 2935

## SCHEDULE A

Northern District of California

ALEXSAM, INC. v. WAGEWORKS, INC., C.A. No. 3:19-04538

District of Connecticut

ALEXSAM, INC. v. AETNA INC., C.A. No. 3:19-01025

Eastern District of New York

ALEXSAM, INC. v. MASTERCARD INTERNATIONAL INCORPORATED,
    C.A. No. 1:15-02799

Eastern District of Texas

ALEXSAM, INC. v. SIMON PROPERTY GROUP (TEXAS), L.P.,
    C.A. No. 2:19-00331

District of Utah

ALEXSAM v. HEALTHEQUITY, C.A. No. 2:19-00445